1  CARLA J. CHRISTOFFERSON (S.B. #161111)
   DALE EDMONDSON (S.B. # 189793)
2  JOSHUA D. BAKER (S.B. #214389)
   O'MELVENY & MYERS LLP
3  2765 Sand Hill Road
   Menlo Park, California 94025
4  Telephone:      (650) 473-2671
   Facsimile:      (650) 473-2601
5  E-mail:      cchristofferson@omm.com
                 dedmondson@omm.com
6                jbaker@omm.com

7  Attorneys for Plaintiff
   EXIGEN, LTD.
8

9  LAWRENCE P. RIFF (S.B. #104826)
   JAY E. SMITH (S.B. #162832)
10 STEPTOE & JOHNSON LLP
   633 West Fifth Street, Suite 700
11 Los Angeles, CA 90071
   Telephone:  (213) 439-9400
12 Facsimile:  (213) 439-9599

13 Attorneys for Defendants
   ALIANT INC.
14

15                  **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17

18 **EXIGEN, LTD.**, a Bermuda Corporation,      Case No. 04-1203 TEH

                   Plaintiff,                    **STIPULATED PROTECTIVE ORDER**
19
           v.
20
   **ALIANT TELECOM, INC.**, a Canadian
21 corporation; **ALIANT, INC.**, a Canadian
   corporation; **DOES 1-10**, inclusive,
22
                   Defendants.
23

24

25

26

27

28

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, Exigen, Ltd. and Aliant Inc. (each individually a "party" or collectively the "parties" as further defined in Section 2.1, below) hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Party</u>:  any party to this action as defined above, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, written responses to discovery or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

1    2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items:

2 extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

3 nonparty would create a substantial risk of serious injury that could not be avoided by less

4 restrictive means.

5    2.5    Receiving Party: a Party that receives Disclosure or Discovery Material

6 from a Producing Party.

7    2.6    Producing Party: a Party or non-party that produces Disclosure or

8 Discovery Material in this action.

9    2.7    Designating Party: a Party or non-party that designates information or

10 items in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

11 Attorneys' Eyes Only."

12    2.8    Protected Material: any Disclosure or Discovery Material that is

13 designated as "Confidential" or as "Highly Confidential- Attorneys' Eyes Only."

14    2.9    Outside Counsel: attorneys who are not employees of a Party but who are

15 retained to represent or advise a Party in this action, including support staff of such attorneys as

16 reasonably necessary to prosecute or defend the action.

17    2.10    House Counsel: attorneys who are employees of a Party.

18    2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well

19 as their support staffs).

20    2.12    Expert: a person with specialized knowledge or experience in a matter

21 pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

22 witness or as a consultant in this action and who is not a past or a current employee of a Party or

23 of a competitor of a Party and who, at the time of retention, is not anticipated to become an

24 employee of a Party or a competitor of a Party.  This definition includes a professional jury or

25 trial consultant retained in connection with this litigation.

26    2.13    Professional Vendors: persons or entities that provide litigation support

27 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

28

2

STIPULATED PROTECTIVE ORDER
CASE NO. 04-1203 TEH

1    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

2    subcontractors.

3        3.    SCOPE

4        The protections conferred by this Stipulation and Order cover not only Protected Material

5    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

6    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

7    parties or counsel to or in court or in other settings that might reveal Protected Material.

8        4.    DURATION

9        Even after the termination of this litigation including all applicable appeals hereof (see

10   Section 11, below (FINAL DISPOSITION)), the confidentiality obligations imposed by this

11   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

12   otherwise directs.

13       5.    DESIGNATING PROTECTED MATERIAL

14           5.1    Exercise of Restraint and Care in Designating Material for Protection.

15   Each Party or non-party that designates information or items for protection under this Order must

16   take care to limit any such designation to specific material that qualifies under the appropriate

17   standards.  A Designating Party must take care to designate for protection only those parts of

18   material, documents, items, or oral or written communications that qualify - so that other portions

19   of the material, documents, items, or communications for which protection is not warranted are

20   not swept unjustifiably within the ambit of this Order.

21           Mass, indiscriminate, or routine designations are prohibited.  Designations that are

22   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

23   unnecessarily encumber or retard the case development process, or to impose unnecessary

24   expenses and burdens on other parties), expose the Designating Party to sanctions.

25           If it comes to a Party's or a non-party's attention that information or items that it

26   designated for protection do not qualify for protection at all, or do not qualify for the level of

27

28

3

1  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

2  withdrawing the mistaken designation.

3      5.2    Manner and Timing of Designations.  Except as otherwise provided in this

4  Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered,

5  material that qualifies for protection under this Order must be clearly so designated before the

6  material is disclosed or produced.

7          Designation in conformity with this Order requires:

8          (a)    for information in documentary form (apart from transcripts of

9  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top

11  of each page that contains protected material.  If only a portion or portions of the material on a

12  page qualifies for protection, the Producing Party also must clearly identify the protected

13  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

14  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

15  CONFIDENTIAL - ATTORNEYS' EYES ONLY").

16          A Party or non-party that makes original documents or materials available

17  for inspection need not designate them for protection until after the inspecting Party has indicated

18  which material it would like copied and produced.  During the inspection and before the

19  designation, all of the material made available for inspection shall be deemed "HIGHLY

20  CONFIDENTIAL ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

21  documents it wants copied and produced, the Producing Party must determine which documents,

22  or portions thereof, qualify for protection under this Order, then, before producing the specified

23  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that

25  contains Protected Material.  If only a portion or portions of the material on a page qualifies for

26  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

27  appropriate markings in the margins) and must specify, for each portion, the level of protection

28

1  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
2  EYES ONLY").

3             (b)      for testimony given in deposition or in other pretrial or trial
4  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the
5  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,
6  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL -
7  ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of
8  testimony that is entitled to protection, and when it appears that substantial portions of the
9  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the
10  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to
11  have up to 30 days to identify the specific portions of the testimony as to which protection is
12  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
13  CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that
14  are appropriately designated for protection within the 30 days shall be covered by the provisions
15  of this Stipulated Protective Order.

16             Transcript pages containing Protected Material must be separately bound
17  by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"
18  or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY," as instructed by the Party or
19  nonparty offering or sponsoring the witness or presenting the testimony.

20             (c)      for information produced in some form other than documentary,
21  and for any other tangible items, that the Producing Party affix in a prominent place on the
22  exterior of the container or containers in which the information or item is stored the legend
23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY." If only
24  portions of the information or item warrant protection, the Producing Party, to the extent
25  practicable, shall identify the protected portions, specifying whether they qualify as
26  "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

27        5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent
28  failure to designate qualified information or items as "Confidential" or "Highly Confidential -

Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Designations by Non-Producing Parties. In the event that a Party or non-party produces material that it does not designate as "Confidential" or "Highly Confidential-Attorneys' Eyes Only", and a Receiving Party or non-party believes the material is entitled to such designation(s) under the terms of this Order, a Receiving Party or non-party may designate such material within 30 days of the production of the material in question. Such designation may be made by a written identification of the materials to be designated and the appropriate level of such designation, to be transmitted to the Producing Party and any other parties known to have received the production in question.

5.5    Nondisclosure of Produced Materials for Initial Period. In order to enable any Parties or non-parties to exercise any appropriate rights under Paragraph 5.4, all such materials produced in this action shall be treated as "Highly Confidential-Attorneys' Eyes Only" for a period of 30 days following production, after which period such materials shall be treated according to the designation (or lack thereof) made by any Designating Party.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not

1   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

2   explain the basis for its belief that the confidentiality designation was not proper and must give

3   the Designating Party an opportunity to review the designated material, to reconsider the

4   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

5   designation.  A challenging Party may proceed to the next stage of the challenge process only if it

6   has engaged in this meet and confer process first.

7          6.3     Judicial Intervention.  A Party that elects to press a challenge to a

8   confidentiality designation after considering the justification offered by the Designating Party

9   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local

10  Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis

11  for the challenge.  Each such motion must be accompanied by a competent declaration that

12  affirms that the movant has complied with the meet and confer requirements imposed in the

13  preceding paragraph and that sets forth with specificity the justification for the confidentiality

14  designation that was given by the Designating Party in the meet and confer dialogue.

15         The burden of persuasion in any such challenge proceeding shall be on the

16  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

17  material in question the level of protection to which it is entitled under the Producing Party's

18  designation.

19         7.      ACCESS TO AND USE OF PROTECTED MATERIAL

20         7.1     Basic Principles.  A Receiving Party may use Protected Material that is

21  disclosed or produced by another Party or by a non-party in connection with this case only for

22  prosecuting, defending, or attempting to settle this litigation (including, to the extent that any part

23  of the instant dispute proceeds in Canada, in any Canadian proceedings between the parties

24  concerning the subject matter hereof), including any applicable appeals hereof.   Such Protected

25  Material may be disclosed only to the categories of persons and under the conditions described in

26  this Order.  When the litigation has been terminated, a Receiving Party must comply with the

27  provisions of Section 11, below (FINAL DISPOSITION).

28

1    Protected Material must be stored and maintained by a Receiving Party at a

2    location and in a secure manner that ensures that access is limited to the persons authorized under

3    this Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

5    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

6    disclose any information or item designated CONFIDENTIAL only to:

7    (a)    the Receiving Party's Outside Counsel of record in this action, as

8    well as employees of said Counsel to whom it is reasonably necessary to disclose the information

9    for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

10    attached hereto as Exhibit A;

11    (b)    the officers, directors, and employees (including House Counsel) of

12    the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

13    signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

14    (c)    experts (as defined in this Order) of the Receiving Party to whom

15    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

16    Bound by Protective Order" (Exhibit A);

17    (d)    the Court and its personnel;

18    (e)    court reporters, their staffs, and professional vendors to whom

19    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

20    Bound by Protective Order" (Exhibit A);

21    (f)    during their depositions, witnesses in the action to whom disclosure

22    is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

23    (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

24    Protected Material must be separately bound by the court reporter and may not be disclosed to

25    anyone except as permitted under this Stipulated Protective Order.

26    (g)    the author of the document or the original source of the

27    information, including persons to whom the text of a document indicates that document was

28    transmitted.

STIPULATED PROTECTIVE ORDER
CASE NO. 04-1203 TEH

7.3     Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     Kimberlee Bogen (in-house counsel for Exigen) and Paul Fitzpatrick (in-house counsel for Aliant Inc.);

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)     the author of the document or the original source of the information, including persons to whom the text of a document indicates that document was transmitted; and

(f)     witnesses (other than persons described above in paragraph 7.3(a)-(f)) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Witnesses shall not be permitted to retain copies of such information.

7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

9

STIPULATED PROTECTIVE ORDER
CASE NO. 04-1203 TEH

disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.  Such request shall be transmitted by facsimile and electronic means.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party directly (through voice to voice dialogue; other forms of communication are not sufficient) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

10

1 safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

2 its Expert.

3      8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

4 OTHER LITIGATION

5      If a Receiving Party is served with a subpoena or an order issued in other litigation that

6 would compel disclosure of any information or items designated in this action as

7 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

8 Receiving Party must so notify the Designating Party, in writing, by facsimile or electronic

9 means, immediately and in no event more than three court days after receiving the subpoena or

10 order. Such notification must include a copy of the subpoena or court order. The Receiving Party

11 also must immediately inform in writing the person who caused the subpoena or order to issue in

12 the other litigation that some or all the material covered by the subpoena or order is the subject of

13 this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated

14 Protective Order promptly to the person in the other action that caused the subpoena or order to

15 issue. The purpose of imposing these duties is to alert the interested parties to the existence of

16 this Protective Order and to afford the Designating Party in this case an opportunity to try to

17 protect its confidentiality interests in the court from which the subpoena or order issued. The

18 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

19 confidential material- and nothing in these provisions should be construed as authorizing or

20 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

21      Notwithstanding the foregoing, to the extent that any portion of this litigation proceeds in

22 Canada, material produced in this action may be used in that action to the same extent, and

23 subject to the same protections, as set forth in this action pursuant to the terms of this Order, and

24 no separate notification between the Parties shall be required for such use.

25      9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

27 Material to any person or in any circumstance not authorized under this Stipulated Protective

28

11

STIPULATED PROTECTIVE ORDER
CASE NO. 04-1203 TEH

1   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

2   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

3   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

4   this Order, and (d) request such person or persons to execute the "Acknowledgment and

5   Agreement to Be Bound" that is attached hereto as Exhibit A.  Such disclosure shall not constitute

6   waiver of Protected Material status by the Designating Party.

7           10.    FILING PROTECTED MATERIAL

8           Without written permission from the Designating Party or a court order secured after

9   appropriate notice to all interested persons, a Party may not file in the public record in this action

10  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

11  with Civil Local Rule 79-5.

12          11.    FINAL DISPOSITION

13          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

14  after the final termination of this action, each Receiving Party must return all Protected Material

15  to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

16  abstracts, compilations, summaries or any other form of reproducing or capturing any of the

17  Protected Material.  With permission in writing from the Designating Party, the Receiving Party

18  may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

19  Material is returned or destroyed, the Receiving Party must submit a written certification to the

20  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

21  deadline that identifies (by category, where appropriate) all the Protected Material that was

22  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

23  abstracts, compilations, summaries or other forms of reproducing or capturing any of the

24  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

25  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

26  work product, even if such materials contain Protected Material.  Any such archival copies that

27

28

1   contain or constitute Protected Material remain subject to this Protective Order as set forth in

2   Section 4 (DURATION), above.

3       12.    <u>MISCELLANEOUS</u>

4         12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

5   person to seek its modification by the Court in the future.

6         12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

7   Protective Order, no Party waives any right it otherwise would have to object to disclosing or

8   producing any information or item on any ground not addressed in this Stipulated Protective

9   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

10   the material covered by this Protective Order. Similarly, no Party waives any form of protection,

11   doctrine, or privilege (including but not limited to the work product doctrine) by virtue of

12   compliance with the terms of this Order or designation of materials hereunder.

13

14   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15                         O'MELVENY & MYERS LLP

16   DATED:   September 14, 2005          /s/ Carla J. Christofferson

17                         Carla J. Christofferson
                        Attorneys for Plaintiff

18                         EXIGEN, LTD.

19                         STEPTOE & JOHNSON LLP

20   DATED:   September 13, 2005          /s/ Lawrence P. Riff

21                         Lawrence P. Riff
                        Jay E. Smith

22                         Attorneys for Defendant
                        ALIANT INC.

23

24   PURSUANT TO STIPULATION, IT IS SO ORDERED.

25

26   DATED:       09/15/05

27

28

                        IT IS SO ORDERED

                        Judge Thelton E. Henderson

                      13       STIPULATED PROTECTIVE ORDER
                                  CASE NO. 04-1203 TEH

1   contain or constitute Protected Material remain subject to this Protective Order as set forth in

2   Section 4 (DURATION), above.

3       12.   MISCELLANEOUS

4       12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

5   person to seek its modification by the Court in the future.

6       12.2   Right to Assert Other Objections.  By stipulating to the entry of this

7   Protective Order, no Party waives any right it otherwise would have to object to disclosing or

8   producing any information or item on any ground not addressed in this Stipulated Protective

9   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

10  the material covered by this Protective Order.  Similarly, no Party waives any form of protection,

11  doctrine, or privilege (including but not limited to the work product doctrine) by virtue of

12  compliance with the terms of this Order or designation of materials hereunder.

13  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14                                  O'MELVENY & MYERS LLP

15

16  DATED: _____     _____
                                           Carla J. Christofferson
17
                                           Attorneys for Plaintiff
18                                         EXIGEN, LTD.

19                                  STEPTOE & JOHNSON LLP

20  DATED: _September 13, 2005___     _____
                                           Lawrence P. Riff
21                                         Jay E. Smith

22                                  Attorneys for Defendant
                                    ALIANT INC.
23
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
24

25
    DATED: _____     _____
26                                         Hon. Thelton E. Henderson

27                                  United States District Senior Judge

28

1        I, Dale M. Edmondson, am the ECF User whose ID and password are being used to file

2    this Stipulated Protective Order.  In compliance with General Order 45, X.B., I hereby attest that

3    Carla J. Christofferson and Lawrence P. Riff have concurred in this filing.

4                                                O'MELVENY & MYERS LLP

5    DATED:   September 14, 2005                 /s/ Dale M. Edmondson

6                                              Dale M. Edmondson
                                          Attorneys for Plaintiff

7                                              EXIGEN, LTD.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

            STIPULATED PROTECTIVE ORDER
            CASE NO. 04-1203 TEH

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ , of _____ , declare under the

4    laws of the United States [and/or Canada] that I have read in its entirety and understand the

5    Stipulated Protective Order that was issued by the United States District Court for the Northern

6    District of California on _____ in the case of Exigen, Ltd. v. Aliant Telecom, Inc. *et al.*, Case

7    No. 04-1203 TEH.  I agree to comply with and to be bound by all the terms of this Stipulated

8    Protective Order and I understand and acknowledge that failure to so comply could expose me to

9    sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

10   any manner any information or item that is subject to this Stipulated Protective Order to any

11   person or entity except in strict compliance with the provisions of this Order.

12       I further agree to submit to the jurisdiction of the United States District Court for the

13   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

14   Order, even if such enforcement proceedings occur after termination of this action.

15       I hereby appoint _____ of _____

16   _____ as my agent for service of process in connection

17   with this action or any proceedings related to enforcement of this Stipulated Protective Order.

18

19   Date: _____

20   City and State or Province where sworn and signed: _____

21   Printed name: _____
                        [printed name]
22

23   Signature: _____
                        [signature]
24

25

26

27

28

15